UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NADINE WILLIAMS,

    Plaintiff,

v.                                        CASE No. 8:18-cv-1765-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the Commissioner of Social Security failed to give proper consideration to the opinion of a treating doctor after the submission of that additional evidence, the decision of the Commissioner will be reversed and the matter remanded for further consideration.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

I.

The plaintiff, who was forty-four years old at the time of the administrative decision, and who has a high school education, has past relevant work as a certified nurse assistant (Tr. 58-60). She filed a claim for Social Security disability benefits, alleging that she became disabled due to pain and swelling from her neck to lower back, pain in her arms, numbness in her hands, and depression (Tr. 61-62, 72). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "spine disorders, dysfunction, and major joint (bilateral shoulders)" (Tr. 13). She determined that, as a result of these impairments, the plaintiff had the following residual functional capacity (Tr. 13-14):

> [The ability] to perform light work as defined in 20 CFR 404.1567(b) except that the claimant requires a sit/stand option in 30 minute intervals; she can push/pull with the bilateral upper extremities not more than occasionally; she cannot perform overhead reaching with the bilateral upper extremity more than occasionally, and she cannot perform forward reaching with the bilateral upper extremities more than frequently. The claimant could perform postural maneuvers occasionally, except for climbing ladders, ropes and scaffolds

> and crawling, which may never be performed. The claimant should have no more than occasional exposure to hazards such as unprotected heights and moving machinery.

The law judge found that, with these limitations, the plaintiff was unable to perform any past relevant work (Tr. 17). However, based on the testimony of a vocational expert, the law judge determined that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as hand packager, hand stuffer, and table worker (Tr. 18). The law judge therefore decided that the plaintiff was not disabled (id.).

The plaintiff sought review by, and submitted new evidence to, the Appeals Council (see Tr. 2). The Appeals Council "found no reason under [its] rules to review the Administrative Law Judge's decision" (Tr. 1). The Appeals Council let the decision of the law judge stand as the final decision of the defendant (id.).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than

12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds: (1) the law judge did not adequately justify her reasons for rejecting the plaintiff's testimony about her pain, and (2) the law judge "erred by not exhibiting or addressing the medical opinion from Plaintiff's primary care physician, Dr. Bymaster" (Doc. 14, pp. 12-13, 17). The plaintiff also challenges the Appeals Council's denial of the plaintiff's request for review because the law judge "did not exhibit the opinion" from Dr. Richard B.

Bymaster, M.D., and the Appeals Council should have granted the plaintiff's request for review in light of the new evidence (Doc. 14, p. 20).

The two issues concerning Dr. Bymaster's opinion are related and will be considered together. They demonstrate that the Commissioner did not consider at all Dr. Bymaster's opinion. Accordingly, the decision will be reversed so that the opinion may be evaluated.

On April 4, 2017, Dr. Bymaster, a treating physician, filled out a medical source statement that indicated that the plaintiff was severely limited in her physical capabilities. Thus, Dr. Bymaster opined that the plaintiff in an eight-hour workday can stand or walk less than two hours per day; can sit less than three hours; and can occasionally and frequently lift less than ten pounds (Tr. 39). He opined further that the plaintiff could not use her hands for repetitive pushing and pulling, reaching, or overhead reaching (id.). He indicated further that the plaintiff would need to take two unscheduled breaks of thirty minutes each per day (id.). He concluded that the plaintiff could occasionally bend, but could never kneel, squat, crawl, or climb stairs and ladders (Tr. 40). She also needed to avoid environmental conditions (id.).

This form was presented to the law judge at the administrative hearing on April 5, 2017 (Tr. 55-56). The law judge asked the plaintiff's representative to submit the form electronically (Tr. 55). It appears the representative failed to do that, and it is unclear what happened to the paper copy handed to the law judge. In all events, the law judge did not evaluate, or even mention, Dr. Bymaster's opinion in her decision. This may be because at the time she prepared that decision, the opinion was not available to her.

Regardless, the April 4, 2017, medical opinion was actually handed to the law judge. That brought into play the principle that the law judge "must explicitly consider and explain the weight accorded to the medical opinion evidence." Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1179 (11th Cir. 2001). The failure to comply with that principle constitutes reversible error.

The plaintiff requested review from the Appeals Council and in connection with that request submitted a copy of Dr. Bymaster's April 4, 2017, opinion. The Appeals Council acknowledged receipt of that opinion (Tr. 2). However, it stated (id.):

> We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.

Correspondingly, the Appeals Council entered an Order stating that it "ha[d] received additional evidence which it is making part of the record" (Tr. 6). However, the only item listed was the Request for Review by the plaintiff's representative; the opinion from Dr. Bymaster was not listed as additional evidence (id.).

The Appeals Council's decision not to consider the new evidence and to deny the request for review is "subject to judicial review." Washington v. Social Security Administration, Commissioner, 806 F.3d 1317, 1320 (11th Cir. 2015), quoting Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994). The Eleventh Circuit has stated:

> [U]nder the regulations, whether evidence meets the new, material, and chronologically relevant standard "is a question of law subject to our *de novo* review." . . . [W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate.

Washington v. Social Security Administration, Commissioner, supra, 806 F.3d at 1321.

Because the Appeals Council expressly stated in its Notice of Appeals Council Action that it "did not consider and exhibit this evidence" from Dr. Bymaster (Tr. 2), it committed legal error and remand is appropriate. The Appeals Council was obligated to consider the evidence because it related back "to the period on or before the date" of the law judge's decision. 20 C.F.R. 404.970(b). Further, the evidence was new and material. The evidence is new because Dr. Bymaster's opinion is not included in the administrative record. The evidence is also material since it would support a finding of disability.

In sum, the plaintiff timely submitted an important opinion from Dr. Bymaster. Remarkably, that opinion was not considered by either the law judge or the Appeals Council. That combined failure clearly warrants a reversal.

The Commissioner's assertion that "the ALJ would not have credited Dr. Bymaster's opinion" (Doc. 15, p. 10) is no answer. Post hoc rationalizations by litigating counsel do not provide the proper basis for judicial review. See Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); see also Michigan v. Environmental Protection Agency, __ U.S. __,

135 S.Ct. 2699, 2710 (2015) ("[T]he foundational principle of administrative law [is] that a court may uphold agency action only on the grounds that the agency invoked when it took the action."). Rather, the responsibility for determining the weight afforded to a medical source's opinion is placed with the law judge, and not with the Commissioner's lawyer. See Hubbard v. Colvin, 643 Fed. Appx. 869, 873 (11th Cir. 2016) ("[W]e decline to affirm using reasoning that 'might have supported the ALJ's conclusion' but was not offered by the ALJ himself."). Accordingly, the Commissioner's argument does not remedy his failure to evaluate properly Dr. Bymaster's opinion of functional limitations. Furthermore, I do not have any authority to decide whether the law judge would find Dr. Bymaster's opinion credible.

For these reasons, the Commissioner's complete failure to consider Dr. Bymaster's opinion warrants a remand. In this circumstance, it is appropriate to pretermit consideration of the plaintiff's remaining argument, since on remand a new decision will be rendered.

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby **REVERSED**. The

Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 13th day of September, 2019.

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE